**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:12-CR-119 (12)** |
| **v.** § | |
| § | |
| § | |
| § | |
| § | |
| **MACK LANGSTON WARNER** § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 23, 2021, alleging that the Defendant, Mack Langston Warner, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Warner was sentenced on April 10, 2014, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 50 Grams or More but Less Than 500 Grams of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 60 months. Warner was subsequently sentenced to 60 months imprisonment followed by 4 years supervised release, subject to the standard conditions

of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On September 6, 2017, Warner completed his period of imprisonment and began service of the initial supervision term.  On January 12, 2018, the term of supervised release was revoked, and Warner was sentenced to 14 months imprisonment, to include 180 days of unserved community confinement time, followed by a 2-year term of supervised release. Following revocation, this term of supervised release commenced on February 26, 2020.  On September 16, 2020, the conditions of supervised release were modified to include mental health treatment and medication compliance.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Warner violated the following conditions of release:

| CONDITION | NATURE OF NONCOMPLIANCE |
|---|---|
| **Allegation 1**<br>Mandatory<br>You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court. | On May 5, 2020, Mr. Warner signed an admission form advising the U.S. Probation Office that he recently used marijuana and ecstasy.<br><br>On September 2, 2020, Mr. Warner submitted a urine specimen positive for Methamphetamine. Lab testing confirmed the results and he signed a written admission form.<br><br>While enrolled in a random urinalysis testing program, on April 19, 2021; May 20, 2021; June 14, |

2021; and June 16, 2021, Mr. Warner failed to submit urine specimens as directed by the U.S. Probation Office.

**Allegation 2**
Standard
After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

On February 28, 2020, during his initial visit with the U.S. Probation Office, Mr. Warner was instructed to submit a report form by the 5th day of each month. He failed to submit monthly report forms from December 2020 to May 2021. On May 12, 2021, contact was made with Mr. Warner and the U.S. Probation Office was able to assist him to become current on all delinquent report forms. He was reinstructed to submit all report forms by the 5th day of each month. However, Mr. Warner failed to submit his report form for the month of June 2021.

**Allegation 3**
Standard
You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone who has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

On March 1, 2021, Mr. Warner informed the U.S. Probation Office that he was working for 5-Star Enterprizes, a custom cabinet maker in Silsbee, Texas. He stated the owner of the company was Michael Taylor Word, a convicted felon and codefendant in the instant federal offense. He did not have prior permission to communicate or interact with Mr. Word.

**Allegation 4**
Special
You must participate in a program of testing and treatment for alcohol abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

Mr. Warner failed to attend all scheduled substance abuse treatment sessions at New Path Counseling during the months of February, March, and April 2021. A home visit was conducted on May 12, 2021, and Mr. Warner was reminded he must participate in counseling as scheduled. On June 2, 2021, Mr. Warner did call New Path Counseling and advised his counselor, Kimberly Craigen, that he knows failure to attend as directed could result in his supervision being revoked again. He was provided with all his counseling session dates for the month of June 2021. His next appointment was on June 16, 2021. However, he again failed to attend as required and made no attempts to contact the counselor to reschedule the appointment.

**Allegation 5**
Special
You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medications as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

During a home visit on May 12, 2021, it was revealed that Mr. Warner stopped taking his mental health medication, Lithium, as prescribed by his physician at Fred Health Care, Fred, Texas. Mr. Warner was instructed to contact his physician immediately and resume his medication as required. On May 17, 2021, during a telephone conversation with Mr. Warner, he admitted failing to contact his physician to be reevaluated and resume the medication. All future attempts to contact Mr. Warner have been unsuccessful.

**Allegation 6**
Standard
If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

On May 13, 2021, Mr. Warner was arrested by the Silsbee, Texas Police Department for a prior citation for Driving While License Suspended and Failure to Appear in municipal court. He was booked into the Hardin County Jail and released the following day. Mr. Warner failed to notify the probation officer of this arrest within 72 hours as directed.

### IV.  Proceedings

On July 15, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claimed he failed to submit urine specimens as directed by the U.S. Probation Office.   In return, the parties agreed that he should serve a term of 8 months' imprisonment with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to submit to random urinalysis testing, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14  months.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

    6.   The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to submit to random urinalysis testing as directed by U.S. Probation. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to submit to random urinalysis testing as directed by U.S. Probation. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 8 months' imprisonment with no term of supervised release to follow. The Defendant

requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 20th day of July, 2021.

_____
Zack Hawthorn
United States Magistrate Judge